UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   NOT FOR PUBLICATION
WAYNE WILSON,

                          Petitioner,       **MEMORANDUM AND ORDER**
v.                                                       16-CV-587 (WFK)

UNITED STATES,

                          Respondent.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 21, 2016, petitioner Wayne Wilson, appearing *pro se*, filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 seeking to vacate his sentence and conviction entered in *United States v. Allen et al.*, No. 11-CR-770-02 (WFK). I grant petitioner's request to proceed *in forma pauperis*. As set forth below, I cannot consider this petition and the Clerk of Court is directed to transfer it to the United States Court of Appeals for the Second Circuit.

Petitioner previously challenged this conviction by filing a motion pursuant to 28 U.S.C. § 2255. *See United States v. Allen, et al.*, No. 11-CR-770-02 (WFK) (Docket Entry No. 107). By Memorandum and Order dated November 23, 2015, I denied the § 2255 motion on the merits. (See Docket 11-CR-770-02, Docket Entry No. 122.)

Although § 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), this provision is generally superseded by § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

1

"[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because this is petitioner's second attempt to vacate or modify the same conviction, this Court lacks jurisdiction to address it on the merits and is required to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Johnson v. United States*, 623 F.3d 41, 43 (2d Cir. 2010); *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) ("The district court has no power to entertain a second or successive § 2255 motion unless the appropriate Court of Appeals has authorized the filing of that motion"); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*).

## CONCLUSION

Accordingly, in the interest of justice, the Clerk of Court shall transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

If the Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen under this docket number. The Clerk of Court shall close this case. The Clerk of Court is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

s/William F. Kuntz, II
_____
WILLIAM F. KUNTZ, II
United States District Judge

Dated: March 18, 2016
Brooklyn, New York