UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WAYNE WILSON,                                             :
                                                         :
                    Petitioner,                          :
                                                         :
          v.                                             :     **DECISION & ORDER**
                                                         :     16-CV-587 (WFK)
UNITED STATES OF AMERICA,                                :
                                                         :
                    Respondent.                          :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Wayne Wilson ("Petitioner"),
proceeding *pro se*, brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241
(the "Petition"), moving to vacate his conviction claiming ineffective assistance of trial counsel
in violation of the Sixth Amendment. Pet. at 1, ECF No. 1 ("Second Petition"). For the reasons
discussed below, the Petition is DENIED.

## BACKGROUND

### I.    Conviction and Sentencing

On July 31, 2013, Petitioner was convicted of conspiracy to distribute marijuana and

attempted possession of marijuana with intent to distribute. 11-CR-770, ECF No. 57 ("Jury

Verdict"). According to the evidence presented at trial, Petitioner, along with Lori Allen and

Coretta Womack, two postal employees, conspired to steal parcels of marijuana sent through the

United States Postal Service and sell the stolen marijuana. Reply in Opp'n, ECF No. 16

("Opp.") at 2. Petitioner received the parcels from Allen and Womack and sold them to other

drug traffickers. *Id.* Womack was arrested and arranged a fake marijuana pick-up with

Petitioner. *Id.* During the arranged pick-up, Womack met Petitioner, who gave her money, took

a parcel from her trunk, and placed the parcel in his trunk. *Id.* Petitioner was then arrested,

waived his *Miranda* rights and confessed to his role in the conspiracy and his belief he had been

picking up marijuana on the day he was arrested. *Id.*

1

During Petitioner's three-day trial, the Government presented several witnesses including postal inspectors, a Customs and Border Patrol Officer, and employees of the Rosedale Post Office. Trial Record ("R.") at 127, 172, 262, 284, 301, 324, 11-CR-770, ECF Nos. 116, 117, 118. The defense rested without presenting any evidence or witnesses. R. at 353. The jury returned a unanimous verdict finding Petitioner guilty of both Conspiracy to Distribute Marijuana and Attempted Possession of Marijuana with Intent to Distribute. Jury Verdict; R. at 509.

On February 3, 2015, Petitioner was sentenced to thirty-three months' imprisonment on each count to run concurrently, three years' supervised release, and the mandatory $200 special assessment. 11-CR-770, ECF No. 96

## II.    Post-Conviction Activity

On February 13, 2015, Petitioner filed a notice of appeal with the Court of Appeal for the Second Circuit, but never filed a brief or otherwise pursued the appeal. 11-CR-770, ECF No. 98. On June 30, 2015, Petitioner filed a petition with this Court pursuant to 28 U.S.C. § 2255, claiming deprivation of his Sixth Amendment right to effective assistance of counsel. 11-CR-770, ECF No. 107 at 1 ("First Petition"). On November 23, 2015, the Court denied the First Petition in its entirety. 11-CR-770, ECF No. 122. On May 27, 2016, the Second Circuit dismissed Petitioner's appeal of that decision. 11-CR-770, ECF No. 127.

On January 21, 2016, while the appeal of the First Petition was pending, Petitioner filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming ineffective assistance of counsel. ECF No. 1. Specifically, Petitioner claims: (1) trial counsel never explained the Sentencing Guidelines; (2) trial counsel never reviewed the applicable Guidelines calculation nor the two-point reduction for pleading guilty; (3) trial counsel never explained the benefits of

accepting a government plea offer; and (4) Petitioner would have pled guilty had he known his true sentence exposure.  Second Petition at 1–2.

On March 21, 2016, the Court held the Second Petition was a successive petition and transferred it to the Court of Appeals for the Second Circuit.  ECF No. 8.  On August 1, 2016, however, the Second Circuit found the Second Petition was not successive at the time it was filed and transferred the petition back to this Court.  ECF No. 10.  This Court re-opened the case and ordered briefing in connection with the Second Petition.

Petitioner was released from federal custody on November 16, 2015 and held in the custody of United States Immigration and Customs Enforcement until September 10, 2018 when he was deported to the United Kingdom.  Gov't Ltr. at 2, ECF No. 20.  Petitioner remains on supervised release until November 16, 2020.  *Id.*

## DISCUSSION

### I.    Legal Standard

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims.

> Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he "must show that counsel's performance was deficient," 466 U.S. at 687, 104 S.Ct. 2052, so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," *id.* at 690, 104 S.Ct. 2052; and (2) he must show that "the deficient performance prejudiced the defense," *id.* at 687, 104 S.Ct. 2052, in the sense that "there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052.

*Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011).  "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*."  *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential. . . .  [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

Under the second prong, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

A district court need not conduct an evidentiary hearing where the record is sufficient to deny the petition.  As the Second Circuit has stated "[i]t is within the district court's discretion to determine whether a hearing is warranted. . . .  Our precedent disapproves of summary dismissal of petitions where factual issues exists, but it permits a middle road of deciding disputed facts on the basis of written submissions."  *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) (internal quotation marks and citations omitted).

As Petitioner's submissions were filed *pro se*, the Court will liberally construe them "to raise the strongest arguments that they suggest."  *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**II.       Petitioner Was Effectively Represented at Trial**

In his Second Petition, as with his First Petition, Petitioner argues trial counsel was ineffective for failure to discuss and review a plea offer.  First Petition at 2; Second Petition at 1. Specifically, in the Second Petition Petitioner claims: (1) trial counsel never explained the

4

Sentencing Guidelines; (2) trial counsel never reviewed the applicable Guidelines calculation nor the two-point reduction for pleading guilty; (3) trial counsel never explained the benefits of accepting a government plea offer; and (4) Petitioner would have pled guilty had he known his true sentence exposure. Second Petition at 1–2. The Court once again dismisses Petitioner's ineffective assistance of counsel claims because "Petitioner has failed to show either deficiency or prejudice here required by *Strickland.*" *United States v. Wilson*, 146 F. Supp. 3d 472, 481 (E.D.N.Y. Nov. 25, 2015) (Kuntz, J.).

The two-part Strickland test applies to the plea-bargaining process, and criminal defendants are entitled to the effective assistance of competent counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Deficiency is generally shown by "a complete failure to render advice. [Counsel's] miscalculations regarding the Government's willingness to negotiate a more favorable deal or restore its initial plea offer represent, at best, strategic errors that are virtually unchallengeable." *Lake v. United States*, 465 F. App'x 33, 35 (2d Cir. 2012) (internal quotation marks and citations omitted). To show prejudice in the context of plea negotiations, "a defendant must show that but for the ineffective assistance of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164.

Here, Petitioner argues his trial counsel never explained the Sentencing Guidelines application to his case nor the benefits of a plea offer, claiming if he had known his "true exposure" he would have pled guilty.  Second Petition at 1–2.  The record clearly demonstrates, however, Petitioner was aware of the plea offer and Sentencing Guidelines, and discussed both with counsel.  Aff. of Steven G. Legum in Opp'n to First Pet. ¶ 14, 11-CR-770, ECF No. 107 ("Legum Aff."); Aff. of Michael Handwerker ¶ 3, ECF No. 14 ("Handwerker Aff.").  Thus, Petitioner's account of events is not credible in light of other evidence in this case and an evidentiary hearing is not necessary.  *Chang v. United States*, 250 F.3d 79, 85–86 (2d Cir. 2001) (finding hearing not required where defense counsel's detailed affidavit was more credible than petitioner's contradictory "self-serving and improbable assertions"); *see also Awan v. United States*, 13-CV-1735, 2015 WL 5559723, at *5 (E.D.N.Y. Sept. 4, 2015) (Ross, J.) ("The court credits [counsels'] carefully detailed and consistent accounts of their representation of petitioner and determines that an evidentiary hearing is not necessary in order to credit their version of events against petitioner's account."); *Aessa v. Annets*, 06–CV–5830, 2009 WL 1636251, at *8 (E.D.N.Y. June 10, 2009) (Ross, J.) ("Absent credible evidence to the contrary, this court credits [defense counsel's] affirmation" regarding advice whether to plead guilty.).

Petitioner's contention Handwerker did not discuss the plea deal with him is contradicted by Petitioner's own admission.  Legum Aff. ¶ 14 (Petitioner's trial counsel advised Petitioner of the plea deal and presented his opinion of the deal to Petitioner.).  Petitioner's contention is further contradicted by Handwerker's sworn affidavit, in which Handwerker insists he advised Petitioner of the Government's plea offer, showed the plea agreement to Petitioner, and discussed the Sentencing Guidelines and consequences of accepting a plea offer as opposed to proceeding to trial.  Handwerker Aff. ¶ 3.  Mr. Handwerker states:

> We discussed the consequences of accepting the plea offer or rejecting the plea offer and proceeding to trial. I explained to [Petitioner] how the United States Sentencing Guidelines (the 'Guidelines') operated and how they would apply to his case. I advised him of the Guidelines in the plea agreement advanced by the government and the effect of his Guidelines calculation if he pleaded guilty or proceeded to trial. Specifically, I advised him that he would receive a reduction in his Guidelines if he pled guilty but would not receive that reduction if he proceeded to trial and was convicted. I also recall that the terms of the Government's plea offer required by client to plead to felony narcotics charged and, as a citizen of the United Kingdom, he was concerned that pleading to those charges would result in his removal from the United States.

*Id.* The Court finds Mr. Handwerker's affidavit a credible account. It is supported by the record and Petitioner's prior assertions. Legum Aff. ¶ 15. The Court finds Petitioner's contradictory and self-serving claims not credible. "The plain fact is that [Petitioner] knew that he could plea. He made a strategic choice not to plea, that he now regrets." *Beauchamp v. Perez*, 13-CV-2452, 2014 WL 2767208, at *6 (S.D.N.Y. Apr. 30, 2014) (Hellerstein, J.). In sum, Petitioner's self-serving and improbable claim he would have taken a guilty plea if it were properly explained to him is not credible in light of other evidence in the record, including Handwerker and Legum's affidavits. Accordingly, Petitioner has not established he was prejudiced or that his right to counsel under the Sixth Amendment was violated. *Strickland*, 466 U.S. at 694; *Frye*, 566 U.S. at 149–50.

The record does not support Petitioner's contentions his counsel failed to explain the Sentencing Guidelines or the benefits of a plea deal, nor that Petitioner would have pled guilty had he known his true sentence exposure. Second Petition at 1–2. His habeas petition is therefore DENIED.

7

**CONCLUSION**

Petitioner's petition for a writ of *habeas corpus* is DENIED in its entirety.  A certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253.  The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.


                                        **SO ORDERED**

                                        s/ WFK
                                        _____
Dated: August 19, 2020                  HON. WILLIAM F. KUNTZ, II
       Brooklyn, New York               UNITED STATES DISTRICT JUDGE